09-1954-pr
United States v. Noorzai

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

     At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of May, two thousand eleven,

Present:     RALPH K. WINTER,
           ROSEMARY S. POOLER,
           BARRINGTON D. PARKER,
             *Circuit Judges.*

---

UNITED STATES OF AMERICA,

          *Appellee*,

     -v-                  09-1954-cr

BASHIR NOORZAI,

          *Defendant-Appellant*.

---

Appearing for Appellant:     B. Alan Seidler, New York, N.Y.

Appearing for Appellee:     Anjan Sahni, Assistant United States Attorney for the Southern District of New York, (Preet Bharara, United States Attorney for the Southern District of New York, Jesse M. Furman, Assistant United States Attorney for the Southern District of New York; David O'Neil, Department of Justice, Washington, D.C. *on the brief*).

     Appeal from the United States District Court for the Southern District of New York (Chen, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Bashir Noorzai appeals from the April 30, 2009 judgment of conviction of the United States District Court for the Southern District of New York (Chin, *J.*) finding him guilty of one count of conspiracy to import one kilogram or more of heroin into the United States and to distribute one kilogram or more of heroin knowing or intending it would be imported into the United States, in violation of 21 U.S.C. §§ 952(a), 959, 960(b)(1)(A) and 963; and one count of conspiracy to distribute and to possess with intent to distribute one kilogram or more of heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846. Noorzai was sentenced principally to a concurrent term of life imprisonment on each count, followed by five years of supervised release and a fine of $25,000. On appeal, Noorzai argues the district court erred in admitting self-incriminating statements because those statements were not made voluntarily in violation of his Fifth Amendment rights. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Noorzai, a native of Afghanistan, argues the government tricked him into coming to the United States, luring him here to ostensibly to talk about a possible role for him in rebuilding Afghanistan. Once here, he met regularly with an agent who identified himself as being with the Department of Justice, was read his *Miranda* rights, and escorted to a hotel. For ten days, Noorzai was questioned on a variety of issues, including Noorzai's knowledge of, and participation in, narcotics trafficking. Each day, Noorzai was read his *Miranda* rights, and each day he waived those rights and continued to talk to the Department of Justice agents. What Noorzai did not know is that several months before he arrived in the United States, a grand jury returned a sealed indictment charging him with violations of the federal drug laws, and an arrest warrant had been issued. Because the government conducted its interrogation without informing him of the outstanding indictment and warrant, Noorzai argues, his waiver of his *Miranda* rights was not voluntary.

To prove a valid waiver, the government must show (1) that the relinquishment of the defendant's rights was voluntary, and (2) that the defendant had a full awareness of the right being waived and of the consequences of waiving that right. *Moran v. Burbine*, 475 U.S. 412, 421 (1986). Courts look to the totality of the circumstances in assessing the voluntariness of the waiver. *Id.* "In applying the totality of the circumstances test, those factors that a court should consider to determine whether an accused's confession is voluntary center around three sets of circumstances: (1) the characteristics of the accused, (2) the conditions of interrogation, and (3) the conduct of law enforcement officials." *Green v. Scully*, 850 F.2d 894, 901-02 (2d Cir. 1988).

Considering the totality of the circumstances, the statements are admissible. Noorzai knew the agents he was speaking to worked for the U.S. Department of Justice, and he was read his *Miranda* rights while being transported from the airport to the hotel, and every day after that. Noorzai does not argue that he did not understand the nature of those rights, nor does he argue that he did not understand what those rights were, or what those rights meant. Even assuming Noorzai would not have actually been free to leave the hotel, there is no record evidence to

demonstrate that he knew that. He had his own room, agents did not sleep in the room with him, he retained his passport and other personal items, and had access to a computer with internet availability and a telephone. There is no evidence that Noorzai was threatened in any way, and the record indicates that on several occasions Noorzai declined the agents' request to meet. There is nothing in the record to suggest that the *Miranda* warnings were not translated properly for him. Nor are there any grounds for finding that Noorzai's statements were coerced.

Noorzai also asserts an ineffective assistance of counsel claim, arguing that his lawyer made false promises and representations to him to induce him to go to trial. We decline to address the ineffective assistance of counsel claim on direct appeal, without prejudice to Noorzai's right to raise the issue in a habeas petition. *United States v. Khedr*, 343 F.3d 96, 99 (2d Cir. 2003).

We have examined the remainder of Noorzai's claims and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk